## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAN S. STASIUK,
        Appellant,

        v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
DC-0752-09-0342-C-2

DATE: January 7, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jan S. Stasiuk, Sunrise, Florida, pro se.

Nicole E. Rapone, Fort Lee, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this final order, to state the appellant's allegations of breach in his own terms, we AFFIRM the initial decision.

¶2 The appellant filed a Board appeal of his removal from his General Physician position, alleging whistleblower reprisal. *See Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 2 (2012). The parties executed a settlement agreement in which the agency agreed, among other things, to rescind the removal action, expunge from the appellant's official personnel file the Standard Form 50 documenting the removal and the decision notice of removal, reinstate the appellant to his Medical Officer (Family Practice) position, and detail him to a clinical support position under the supervision of the Deputy Commander of Clinical Services. *Id.* Pursuant to this agreement, the administrative judge dismissed the removal appeal and retained jurisdiction to enforce the terms of the agreement. *Id.*

¶3 On March 31, 2014, the appellant filed a petition for enforcement alleging that, from July 2012 to March 2014, clinic Commanders and Deputy Commanders violated the settlement agreement by engaging in the following: (1) unjustifiably refusing to renew his clinical privileges until ordered to do so following an internal agency appeal; (2) not reinstating his clinical privileges as ordered by the appellate authority; (3) prejudicing his performance by forbidding him to address his second-level supervisor; (4) ordering him not to submit copies of reports of

medication interactions; (5) ordering him not to recommend in his written reports to notify patients that their medications may cause harm; (6) ordering him not to report that some medications' interactions potentially cause sudden death because, in his supervisor's view, allegedly these complications occur rarely; (7) forbidding him to make individual reports about cases he identified concerning medication interactions; (8) failing to support his request that agency officials engage in damage control after determining that some medications had harmful interactions; and (9) not supporting his suggested proposal for actions to protect patients from harm. Compliance File (CF), Tab 1. During proceedings below, the appellant added a claim that the agency breached the agreement by taking a number of disciplinary actions, including verbal and written reprimands, a 3-day suspension, a 12-day suspension, and a threatened removal. CF, Tab 19.

¶4      In an Order and Summary of Telephonic Status Conference, the administrative judge characterized the appellant's petition for enforcement as alleging that: (1) the agency breached the agreement by failing to reinstate the appellant to the position that he previously held as Administrative Medical Officer by breaching the implied covenant of good faith as it relates to his reinstatement as evidenced by the alleged harassment and retaliation that the appellant suffered; and (2) denying the renewal of the appellant's clinical privileges. CF, Tab 13. The appellant responded to the Summary by indicating that the administrative judge's characterization of the petition did not reflect the appellant's claims. CF, Tab 15.

¶5      The administrative judge issued an initial decision that characterized the appellant's petition for enforcement allegations in the same manner that he characterized them in the Summary. CF, Tab 25, Compliance Initial Decision (CID) at 2-3. He found the settlement agreement does not address the appellant's concerns relating to the renewal of clinical privileges. CID at 4-5. He also found that the appellant's claims of harassment and retaliation in connection with the

covenant of good faith as it relates to the appellant's reinstatement to the position of Administrative Medical Officer are vague and unsubstantiated. CID at 4.

¶6    In his petition, the appellant asserts, as he did below, that the administrative judge misrepresented the appellant's petition for enforcement as alleging that the agency has not reinstated him, and that he did not agree with the administrative judge's characterization of his allegations in the Summary. He states that he is not claiming that the agency failed to reinstate him. He reiterates the allegations that he made in his petition for enforcement, and characterizes the allegations as post-settlement mistreatment prejudicing his performance in the position to which he was reinstated pursuant to the settlement agreement, and hurting patients. Petition for Review (PFR) File, Tab 11.[2]

¶7    An appellant bears the ultimate burden of establishing by preponderant evidence that the agency breached the settlement agreement. *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 328 (1995). The Board may consider any allegation that is relevant in determining noncompliance with a particular settlement term. *Id*. at 322. The agency's obligation to implement an employee's reinstatement is not necessarily fully satisfied the moment it technically and facially reinstates the employee to the position in question. *Id*. It is well settled that implicit in any settlement agreement is a requirement that the parties fulfill their respective contractual obligations in good faith. *Id*. at 323.

---

[2] After he received the compliance initial decision, the appellant wrote to the Director of the Board's Washington Regional Office (WRO) asking for a copy of his appeal file, and alleging that the administrative judge had failed to address the allegations made in his petition for enforcement. PFR File, Tab 1. WRO forwarded the appellant's correspondence to the Clerk of the Board for docketing as a petition for review. Subsequently, the appellant objected to treating his correspondence with WRO as a petition for review, and attempted to submit what he called his actual petition for review. PFR File, Tab 7. The Clerk afforded the appellant the opportunity to submit a supplement to his petition for review. PFR File, Tab 8. The appellant then submitted what he states is his petition for review. PFR File, Tab 10. In this final order, we address the arguments raised in the submission that the appellant indicates is his petition for review.

To prove that the agency acted in bad faith, the appellant must show that the agency's proven post-settlement retaliatory/harassing actions, under the totality of the circumstances, amounted to an unjustified and substantial deprivation of his rights as an incumbent of the position in question. *Id*. at 325.

¶8     In its response to the appellant's petition for enforcement, the agency submitted the affidavit of the appellant's supervisor. CF, Tab 18 at 22. The appellant's supervisor averred that he asked for an independent review of 20 cases in which the appellant alleged harmful medication interactions, and the independent reviewer agreed with the supervisor's conclusion that the appellant's concerns were generally unwarranted. *Id*. at 23. The appellant's supervisor also stated that he asked the appellant not to forward his concerns about drug interactions to higher managers, and they in turn asked the appellant to discontinue forwarding his concerns over the head of his supervisor. *Id*. at 24. The supervisor stated that the appellant continued to refuse to follow supervisory instructions, and eventually, the supervisor found it necessary to issue a letter of warning, and two suspensions. *Id*.

¶9     We agree with the administrative judge that the settlement agreement did not provide for reinstatement of the appellant's clinical privileges. However, to the extent that the agency's failure to do so could be viewed as post-settlement retaliatory/harassment actions, we have considered the appellant's allegation. In the appellant's supervisor's affidavit, he explained that the appellant had clinical privileges upon his reinstatement, but pursuant to the agency's policy that clinical privileges be renewed every 24 months, the appellant had to reapply for clinical privileges in August 2012, and he did so. *Id* at 26. At first, the review board denied the appellant's application; however, on February 27, 2014, the Army Surgeon General ordered the reinstatement of the appellant's privileges. *Id*. The appellant's supervisor, with the aid of the Credentials Coordinator, explained to the appellant that, although the privileges had been ordered reinstated, the appellant must complete the online application for privileges for them to be

effective. *Id*. The appellant's supervisor stated that the appellant refused to complete the application and for this reason the reinstatement order was never effected. *Id*.

¶10 The appellant responded to the agency's submissions, generally disagreeing with them. CAF, Tabs 19-20. However, he failed to submit any independent documentation, such as witness statements or affidavits, to support any of his allegations of retaliation and harassment. A mere showing of some frictions, misunderstandings, or unpleasantness between the appellant's and other employees or managers is insufficient to meet the appellant's burden of proving bad faith. *Kuykendall*, 68 M.S.P.R. at 325. The record evidence and the applicable law support the finding that the appellant failed to prove that the agency breached the settlement agreement by acting in bad faith by engaging in post-settlement retaliatory/harassing actions that amounted to an unjustified and substantial deprivation of his rights as an incumbent of the position in to which he was reinstated. Accordingly, we affirm the compliance initial decision denying the appellant's petition for enforcement as modified by this nonprecedential final order.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.